**The Law Offices of Avrum J. Rosen, PLLC**
*Proposed Counsel to M1 Development LLC*
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Nico G. Pizzo, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                                    Chapter 11

     M1 DEVELOPMENT LLC                           Case No.: 21-40977-jmm

                            Debtor.
-------------------------------------------------------------X

## DEBTOR'S AFFIDAVIT PURSUANT TO LOCAL RULE 1007

STATE OF NEW YORK    )
                             )ss.:
COUNTY OF KINGS    )

Rafi Manor, being duly sworn, deposes and says as follows:

1. I am the managing member of M1 Development LLC, (the "Debtor") and own a 99% interest in the Debtor and debtor-in-possession in the above captioned Chapter 11 case. As such I am fully familiar with the facts and circumstances contained herein. I submit this Affidavit pursuant to Local Rule 1007-4 for the Local Rules of the Bankruptcy Court for the Eastern District of New York.

2. The Debtor is a limited liability company with its principal place of business in Brooklyn, New York.

3. This case was originally commenced under Chapter 11 of the United States Bankruptcy Code. There has been no pre-petition creditor's committee. Annexed hereto as Exhibit "A" is a list of the 20 largest unsecured claims excluding insiders, including the name, address and

1

the amount of the claim, and an indication of whether such claims are contingent, unliquidated, disputed or partially secured.

4. Indicated on the list of the 20 largest unsecured names are personal guarantees on the notes and mortgages for several different real properties located in New York State. The nature of those debts arose when the entities that the Debtor had an ownership interest in purchased real property and subsequently borrowed a mortgage secured against the real property. Sometimes the mortgagee required the members of each entity as well as the Debtor to be a corporate guarantor on the notes and mortgages. Thus, the Debtor executed corporate guarantees on the notes and mortgages. The entities would then use the loan proceeds to fund construction on the real property to increase its value with the goal of selling it for a profit.

5. The entities would then use the mortgage proceeds to commence construction on the real property to increase its value with the goal of selling it for a profit. The Debtor's business is primarily to buy, develop and sell real property for a profit in this same manner. Additionally, the Debtor purchases ownership interest in entities that are commencing the same line of work.

6. The Debtor's assets consist of the ownership interest in several LLC entities and amounts that remain outstanding from the prior sale of the Debtor's interest in several entities. The Debtor, along with its managing member, Rafi Manor, are also jointly owed not less than Five Hundred Thousand dollars ($500,000.00) from the sale of multiple interests in LLC's. Those payments were secured by a confession of judgment. An affidavit of default of that confession of judgment was submitted several months ago to the Supreme Court of New York for entry and has not yet been entered due to the backlog caused by the Pandemic. The Debtors may remove that action as well to expedite that entry of judgment if it is not entered soon. The Debtor's plan of

reorganization under Chapter 11 of the Bankruptcy Code resolves around its ownership interest in three entities and the real property each entity owns.

7. First, the Debtor has an ownership interest in Freeman Villa LLC ("Freeman Villa"). Freeman Villa is the owner of the real property commonly known as 135 Bayard Street, Brooklyn, New York. In order to secure a loan to develop and sell the condo development, Freeman Villa executed a note and mortgage against the property to Genesis Capital, LLC ("Genesis") and the Debtor agreed to execute a separate corporate guarantee. There came a time during the Covid-19 Pandemic, where Genesis assigned the note and mortgage to Stormfield Capital Funding I LLC ("Stormfield"). Immediately upon the assignment Stormfield commenced a foreclosures action.

8. Second, the Debtor has an ownership interest in M Rental Brooklyn LLC ("M Rental"). M Rental is the owner of real property commonly known as 517 Brooklyn Avenue, Brooklyn, New York. In order to secure a loan to develop and sell the property, M Rental executed a note and mortgage against the property to Genesis, and the Debtor agreed to execute a separate corporate guarantee. There came a time during the Covid-19 Pandemic, where Genesis assigned the note and mortgage to Stormfield. Immediately upon the assignment Stormfield commenced a foreclosures action.

9. Third, the Debtor has an ownership interest in Brooklyn Development 24 LLC ("Brooklyn Development"). Brooklyn Development is the owner of real property commonly known as 744 Lefferts Avenue, Brooklyn, New York 11203. In order to secure a loan to complete the development of the real property, Brooklyn Development executed a note and mortgage against the property to Genesis, and the Debtor agreed to execute a separate corporate guarantee. There

came a time during the Covid-19 Pandemic, where Genesis assigned the note and mortgage to Stormfield. Immediately upon the assignment Stormfield commenced a foreclosures action.

10. In 2020, Stormfield filed foreclosure actions for each property in the Supreme Court of the State of New York, Kings County. The Debtor asserts the value of the property upon the completion of the construction that has commenced at each individual property will far exceed the debts owed to Stormfield on the note and mortgages for the respective properties.

11. Therefore, the Debtor intends to accomplish two goals in the Chapter 11 bankruptcy to satisfy its debts and successfully reorganize. First, the Debtor intends to commence litigation to collect any outstanding amounts owed to it from the sale of its interest in the entities in the amount of approximately Two Hundred and Fifty Thousand dollars ($250,000.00) as the Debtor and Rafi Manor are joint owners of a confession of judgment awaiting entry in the New York State Supreme Court. The Debtor may remove that action to this Court if that judgment is not entered soon. If successful, Debtor would use this substantial asset to contribute to a plan of reorganization.

12. Next, the Debtor intends to seek post-petition debtor-in-possession financing, either in this case or in affiliate cases that will be filed, to complete the construction of the foregoing properties. If financing is obtained, the Debtor will submit a plan to pay off the amounts that remain outstanding to Stormfield to cease the foreclosure actions and continue construction on the properties. If successful, Debtor intends to sell the properties, by and through its respective entities, and use the sale proceeds to satisfy the debtor-in-possession loan.

13. In addition, on February 10, 2020, Realya Crown Heights LLC ("Realya") commenced arbitration by filing a demand for arbitration and statement of claim against the entities M Rental Brooklyn, the Debtor and Rafi Manor in his individual capacity. Realya alleged that M Rental Brooklyn LLC is in breach of a Loan Agreement executed between M Rental

Brooklyn, LLC and Realya, which required arbitration. However, the Debtor was not a party to the loan agreement and simply executed a separate guarantee on the loan. Similarly, Debtor disputes the amounts claimed by Realya against the Debtor in the related action.

14. The Debtor intends to remove the arbitration action to Federal Court by and through the bankruptcy case, with the intention of litigating the issue of whether the Debtor is liable on the loan agreement executed between M Rental Brooklyn LLC and Realya. In addition, information has come to light that Realya, who had an equity interest in some of the construction projects, tortuously interfered in the contractual relationship with the construction lender which led to a breakdown in the forbearance negotiations and the ultimate assignment of the note and mortgage. The Debtor is currently evaluating what claims it may have against Reayla.

15. The Debtor's total liabilities at this point are approximately Two Million Two Hundred Seventy Two Thousand dollars and Zero cents ($2,272,000.00).

16. At the present time, there is no real property owned by the Debtor in the possession of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent.

17. The Debtor's substantial assets and books and records are located at 124-04 Metropolitan Avenue, Queens, New York, 11415. The Debtor does not have any assets outside the territorial limits of the United States.

18. It is estimated that the expenses for the 30-day period following the bankruptcy petition will be approximately Zero Dollars ($0.00) and that receipts will be approximately Zero Dollars ($0.00).

        */s/ Rafi Manor*
        Rafi Manor
        Managing Member of Debtor

Sworn to before me this
19th day of April, 2021

*/s/ Nico G. Pizzo*
Nico G. Pizzo
Notary Public State of New York
Qualified in Suffolk County
No. 02PI6384544
Commission Exp. 12/17/2022

# EXHIBIT

# "A"

| Fill in this information to identify the case: | | |
|---|---|---|
| Debtor name | **M1 Development LLC** | |
| United States Bankruptcy Court for the: | **EASTERN DISTRICT OF NEW YORK** | ☐ Check if this is an amended filing |
| Case number (if known): | | |

## Official Form 204
### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 148 West Lender LLC  C/O Maquire Capital Group  10 West 33rd St  Suite 516  New York, NY 10001 | | Corporate Guarantor on real property  148 West Street Brooklyn, New York | Contingent Unliquidated Disputed | Unknown | $0.00 | Unknown |
| 54 Dupont Holdings LLC  C/O Mark J. Nussbaum, Esq  225 Broadway | | | Contingent Unliquidated Disputed | | | $0.00 |
| Goldman Sachs Bank USA  1503 Ventura Boulevard  Suite 70  Sherman Oaks, CA 91403 | | Corporate Guarantor on real property  17 Diamond Street Brooklyn, New York | Contingent Unliquidated Disputed | Unknown | $0.00 | Unknown |
| Hamptons Partners LLC  60 Cutter Mill Road  Suite 505  Great Neck, NY 11021 | | Guarantor  54 Dupont Street Brooklyn, New York | Contingent Unliquidated Disputed | Unknown | $0.00 | Unknown |
| Ontario Wealth Management  2950 Keele Street  Suite 201  Kew Gardens, NY 11415 | | Corporate Guarantor on real property  79 Green Street Brooklyn, New York | Contingent Unliquidated Disputed | Unknown | $0.00 | Unknown |
| Ontario Wealth Management  2950 Keele Street  Suite 201  Kew Gardens, NY 11415 | | Corporate Guarantor on real property  116 India Street Brooklyn, New York | Contingent Unliquidated Disputed | Unknown | $0.00 | Unknown |

| Debtor | **M1 Development LLC** | | | Case number *(if known)* | | |
|---|---|---|---|---|---|---|
| | Name | | | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **R E One Stop Solution LLC**<br>**99 Washington Avenue**<br>**Suite 805-A**<br>**Albany, NY 12210** | | **Service Agreement work performed on 135 Bayard Street Brooklyn** | **Contingent Unliquidated Disputed** | | | **$499,000.00** |
| **R E One Stop Solution LLC**<br>**99 WASHINGTON AVE SUITE 8**<br>**Albany, NY 12210** | | **Service Agreement work performed on 744 Lefferts Avenue** | **Contingent Unliquidated Disputed** | | | **$399,000.00** |
| **R E One Stop Solution LLC**<br>**99 WASHINGTON AVE SUITE 8**<br>**Albany, NY 12210** | | **Service Agreement work performed on 517 Brooklyn Avenue** | **Contingent Unliquidated Disputed** | | | **$274,000.00** |
| **Realya Crown Heights, LLC**<br>**C/O Corporation Service**<br>**80 State Street**<br>**Albany, NY 12207** | | **Corporate Guarantor** | **Contingent Unliquidated Disputed** | | | **$1,100,000.00** |
| **Realya Crown Heights, LLC**<br>**Mark J. Nussbaum, Esq**<br>**255 Broadway, New York**<br>**New York, NY 10007** | | | **Contingent Unliquidated Disputed** | | | **$0.00** |
| **S3 Re Funding III LLC**<br>**444 Madison Avenue**<br>**41st Floor**<br>**New York, NY 10022** | | **Corporate Guarantor on real property**<br>**179 Richardson Street**<br>**Brooklyn, New York** | **Contingent Unliquidated Disputed** | **Unknown** | **$0.00** | **Unknown** |
| **Stormfield Capital Funding I, LLC**<br>**200 Pequot Avenue**<br>**South Port**<br>**CT 06980** | | **Corporate Guarantor on real property**<br>**52 Herbert Street**<br>**Brooklyn, New York** | **Contingent Unliquidated Disputed** | **Unknown** | **$0.00** | **Unknown** |
| **Stormfield Capital Funding I, LLC**<br>**200 Pequot Avenue**<br>**South Port**<br>**CT 06980** | | **Corporate Guarantor on real property**<br>**744 Lefferts Street**<br>**Brooklyn, New York** | **Contingent Unliquidated Disputed** | **Unknown** | **$0.00** | **Unknown** |

| Debtor | M1 Development LLC | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Stormfield Capital Funding I, LLC  200 Pequot Avenue  South Port  CT 06980** | | **Corporate Guarantor on real property  517 Brooklyn Avenue  Brooklyn, New York** | **Contingent  Unliquidated  Disputed** | **Unknown** | **$0.00** | **Unknown** |
| **Stormfield Capital Funding I, LLC  200 Pequot Avenue  South Port  CT 06980** | | **Corporate Guarantor on real property  135 Bayard Street  Brooklyn, New York** | **Contingent  Unliquidated  Disputed** | **Unknown** | **$0.00** | **Unknown** |